IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


FILED
FEB 10 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| JEFFREY CARROLL, RICHARD K. CORDLE, | ) |
| WILLIAM T. LEYDA, CHRIS O'CONNOR, | ) |
| JOHN C. PEACE, III, DAMON ALLEN, | ) |
| JERMAINE O. ALLEY, CRAIG ALVITI, | ) |
| MICHAEL J. ANTHONY, JR., RENALDO | ) |
| ARJONA, TREVOR B. BADCOCK, PHILLIP A. | ) |
| BAILEY, BRIAN S. BERGER, JUDY BERGER, | ) |
| ESTATE OF THOMAS BERRY, JR., WILLIAM | ) |
| R. BODENHAMER, JOSEPH BOLLAND, | ) |
| GARY A. BROOKMAN, KEITA G. BROWN, | ) |
| DANIEL J. BUSANG, MATTHEW CHONG, | ) |
| BARRY J. CLARK, JENNIFER CLARK, | ) |
| STEVEN T. CLAYTON, GARY CONNER, | ) |
| JEREMIE J. COOPER, AMANDA D. CORNETT, | ) |
| KEITH T. DESHAZO, ROBIN T. DORTON, | ) |
| ALAN DOWNER, MARC DOWNER, | ) |
| BENJAMIN S. DYER, REBECCA L. EGAN, | ) |
| JOHN B. ENNIS, CHRISTINE C. FERGUSON, | ) |
| CHRISTOPHER B. FERGUSON, MICHAEL | ) |
| FISHWICK, NEIL GRIFFIN, CHARLES | ) |
| HANNA, CRAIG L. HARVER, KEVIN W. | ) |
| HARVER, RICHARD J. HAUSLER, JR., | ) |
| AARON J. HAYES, TOMMY HOLSINGER, | ) |
| JEROME HOYT, C. CAMPBELL HUNDLEY, | ) |
| THOMAS M. JAMARA, JAMES D. JAMISON, | ) |
| JOSHUA G. JARVIS, WILLIAM R. JENKINS, | ) |
| J.A. JESSIE, PHILIP F. JOHNAKIN, JAMES R. | ) |
| JOHNSON, JAY S. KEGLEY, AMY D. | ) |
| KELLEY, NATHAN KELLEY, DENNIS W. | ) |
| KERNS, JR., JAMES KEWISH, EMIL C. | ) |
| KREVONICK, JR., EDWARD KUBICKI, LISA | ) |
| M. KUSMIN, STEVEN J. LAPRADE, DAVID | ) |
| LEBER, CHRISTOPHER LONG, MICHAEL M. | ) |
| MURRAY, CARRIE NELSON, THOMAS J. | ) |
| O'KEEFE, III, JAMES L. PARSLEY, MICHAEL | ) |
| A. PERKINS, KEVIN E. PRIDEMORE, | ) |
| MICHAEL D. RAAT, KENNETH RAGLAND, | ) |
| JOHN C. RICKE, WILLIAM H. ROLLINS, III, | ) |
| JOE SCHIHL, STEVEN J. SEIDLITZ, | ) |
| JENNIFER SHOUSE-PEARMAN, RACHEL | ) |
| SHREWSBURY, JOHN P. SLATER, JR., | ) |
| TIMOTHY W. SNYDER, MARCUS | ) |

| | |
|---|---|
| STONESTREET, PIERRE D. TREMBLAY, RICHARD M. VALENTINE, CHARLES K. WALKER, JAMES S. WEBB, ALLEN WILSON, SCOTT F. WINN, CLAY WOODCOCK, and CASEY ZETS, Individually, and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>COUNTY OF HENRICO, VIRGINIA,<br><br>                Defendant. | Civil Action No. 3:12CV105<br><br>**TRIAL BY JURY DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs, Jeffrey Carroll, Richard K. Cordle, William T. Leyda, Chris O'Connor, John C. Peace, III, Damon Allen, Jermaine O. Alley, Craig Alviti, Michael J. Anthony, Jr., Renaldo Arjona, Trevor B. Badcock, Phillip A. Bailey, Brian S. Berger, Judy Berger, Estate of Thomas Berry, Jr., William R. Bodenhamer, Joseph Bolland, Gary A. Brookman, Keita G. Brown, Daniel J. Busang, Matthew Chong, Barry J. Clark, Jennifer Clark, Steven T. Clayton, Gary Conner, Jeremie J. Cooper, Amanda D. Cornett, Keith T. deShazo, Robin T. Dorton, Alan Downer, Marc Downer, Benjamin S. Dyer, Rebecca L. Egan, John B. Ennis, Christine C. Ferguson, Christopher B. Ferguson, Michael Fishwick, Neil Griffin, Charles Hanna, Craig L. Harver, Kevin W. Harver, Richard J. Hausler, Jr., Aaron J. Hayes, Tommy Holsinger, Jerome Hoyt, C. Campbell Hundley, Thomas M. Jamara, James D. Jamison, Joshua G. Jarvis, William R. Jenkins, J.A. Jessie, Philip F. Johnakin, James R. Johnson, Jay S. Kegley, Amy D. Kelley, Nathan Kelley, Dennis W. Kerns, Jr., James Kewish, Emil C. Krevonick, Jr., Edward Kubicki, Lisa M. Kusmin, Steven J. Laprade, David Leber, Christopher Long, Michael M. Murray, Carrie Nelson, Thomas J. O'Keefe, III, James L. Parsley, Michael A. Perkins, Kevin E. Pridemore, Michael D. Raat, Kenneth Ragland,

2

John C. Ricke, William H. Rollins, III, Joe Schihl, Steven J. Seidlitz, Jennifer Shouse-Pearman, Rachel Shrewsbury, John P. Slater, Jr., Timothy W. Snyder, Marcus Stonestreet, Pierre D. Tremblay, Richard M. Valentine, Charles K. Walker, James S. Webb, Allen Wilson, Scott F. Winn, Clay Woodcock, and Casey Zets (collectively "Plaintiffs"), by counsel, file this Complaint, Individually and on behalf of themselves and all others similarly situated against the County of Henrico, Virginia ("Defendant" or "Henrico County"), and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs are current and former Henrico County police officers who have uniformly been denied property interests, in the form of the full and timely payment of unpaid overtime compensation, by Henrico County's unofficial policy of delaying and/or denying Plaintiffs such compensation without due process of law.

2. In Count One of this proceeding, Plaintiffs seek class action certification, on behalf of themselves and all others similarly situated, for declaratory, injunctive and damages relief, for Henrico County's unconstitutional deprivation of the class' property without due process of law. Defendant's actions described herein are in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

3. In Count Two, Plaintiffs invoke this Court's supplemental jurisdiction to certify a class asserting claims pursuant to Va. Code § 9.1-700, *et seq.* for monies associated with a failure to remit timely or fully pay overtime compensation due to law enforcement officers.

## PARTIES

4. Defendant County of Henrico is a political subdivision of the Commonwealth of Virginia. It employs over four thousand (4,000) individuals, including over six hundred (600)

sworn law enforcement officers within its Division of Police. The Police Department is comprised of police officers in addition to various clerical, administrative, and management personnel.

5. Defendant is an "employer" within the meaning of Va. Code § 9.1-700. Defendant was Plaintiffs' "employer" within the meaning of Va. Code § 9.1-700 at all times relevant hereto. All actions complained of were taken under color of state law.

6. Plaintiffs are current or former police officer employees of Defendant. At all times relevant hereto, Plaintiffs are, or have been, employed by Defendant as "Law enforcement employees" within the meaning of Va. Code § 9.1-700.

7. Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendant who were, or are, employed by Defendant as "Police Officers" or "Law Enforcement employees," or similar title with similar duties, and who were subject to the same uniform pay practices and policies.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 2201, 2202 and seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

10. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## GENERAL FACTUAL ALLEGATIONS

11. Defendant employs Plaintiffs as "Police Officers."

12. As Police Officers, Plaintiffs' duties consist of maintaining the peace, protecting Henrico citizens, and investigating crimes and/or citizen complaints.

13. As a matter of Virginia state law, Plaintiffs are entitled to the full payment of their wages in their normal pay period pursuant to Va. Code § 40.1A(A) and, absent a written or signed authorization from the employee, Defendant has no authority to offset or fail to make full payment of compensation in the pay period earned. Va. Code § 401-29(C). Defendant, thus, was under a state imposed duty to make full payment of compensation, including overtime compensation, in the pay period earned.

14. Henrico County controls the payment of compensation to its law enforcement personnel through a centralized pay policy that is governed by the County Manager, the Board of Supervisors, and/or the County's Human Resources Department.

15. In 2005, the Commonwealth of Virginia amended legislation to require that Virginia law enforcement officers working for jurisdictions employing 100 or more law enforcement employees pay overtime compensation for the difference in the regularly scheduled workweek, (in this case, one hundred sixty (160) hours in a twenty-eight day period), and the 171 hour federal maximum allowed by the Fair Labor Standards Act in 29 U.S.C. § 201(k). Va. Code § 9.1-700 *et seq.*

16. Virginia Code §§ 9.1-701 and 703 require that law enforcement employees be compensated for work at a rate of pay "not less than one and one-half times the employee's regular rate of pay" for "all [overtime] hours that an employee works or is in a paid status during his regularly scheduled work hours..."

17. Pursuant to Virginia Code § 9.1-702, Defendant is permitted to "adopt any work period to compute overtime compensation for .... law-enforcement employees between seven and 28 days provided that the work period is recurring and fixed, and is not changed for purposes of denying overtime compensation to such employees to which they may be entitled...."

18. Defendant requires and/or has required Plaintiffs work a regular schedule of 160 hours per 28 day cycle.

### HENRICO COUNTY'S PRACTICE OF EXCLUDING HOURS OVER 160 IN A WORK CYCLE AS COMPENSABLE TIME

19. One major difference between Virginia Code § 9.1-700 *et seq.* and the FLSA is that the state law counts as hours worked all hours that an officer does not work, but is in "paid status".

20. Plaintiffs have consistently worked or were in "paid status" in excess of 160 hours in most 28 day cycles; however they were only paid for the first 160 hours.

21. Defendant has further engaged in practices designed to dissuade the reporting of all "paid status" hours over 160 hours in a 28 day cycle for the purpose of avoiding the full payment of overtime compensation due to its officers.

22. Despite the 2005 amendment to Va. Code § 9.1-700 *et seq.* requiring the payment of overtime compensation to its officers where the County elects to regularly schedule officers to work 160 hour schedules as it has done, from the time of the amendment's effective date Henrico County has instituted a policy of denying the payment of overtime compensation for all hours worked or in "paid status" over 160 hours in a 28 day cycle and have deprived Plaintiffs of the timely payment of overtime compensation by failing to make payment for hours worked over 160 hours in a 28 day cycle.

23. Despite the fact that Henrico County was required to include all "paid status" hours for the calculation of overtime compensation purposes under the state law, Defendant has refused to include all such compensable hours for overtime purposes.

24. For police officers employed by Defendant, "paid status" hours took the form of "annual leave," sometimes referred to as "paid leave".

6

25. Defendant regularly directed officers to under-report their annual leave hours. Specifically, officers were told that whenever the total of their hours worked combined with their total annual leave hours exceeded 160 hours in a pay cycle, then they were to falsely enter no more than 160 hours into the County's timekeeping system. The Plaintiffs' false time entries were done at the direction of the Defendant. Defendant forced Plaintiffs to under-report their annual leave hours for the purpose of avoiding the payment of overtime compensation under state law.

26. Though annual leave time qualifies as time spent in "paid status," and is there for compensable pursuant to Va. Code § 9.01-701, between 2006 and 2010, Defendant consistently failed to pay Plaintiffs overtime compensation for all compensable hours in excess of 160 in a 28 day cycle in the pay cycle in which such compensation was due.

27. Officers often worked 11.5 hour shifts every other day. In order to ensure that Officers did not report compensable hours in excess of 160 in a 28 day cycle, they were instructed to report use of annual leave only in an amount that would ensure their reported hours equaled 160. For example, under this scheme, if an Officer had 155 work hours and 10 annual leave hours, he was instructed to only log 5 annual leave hours rather then the 10 hours taken.

28. In some instances, Officers were instructed to record all of their annual leave taken. However, when reported annual leave hours caused Officers' total paid status hours to exceed the 160 hour threshold, they received no overtime payment as required under state law.

29. In December of 2010, Defendant issued a series of partial payments to remit some portion of owed back wages to officers, but the amounts paid were not the full amounts required by state law. Defendant arbitrarily determined which officers would be paid and how much unpaid overtime would be paid. Notably, Defendant conducted no hearing at any time before or

after these partial payments to determine the full amounts due and to address, before or after its decision, what property in the form of compensation it chose to pay and what protected property it chose to not pay its officers.

30.   In January of 2011, a group of Plaintiffs, through counsel, approached Defendant seeking payment of all unpaid overtime due to all officers, and advising that they sought such payments on behalf of all similarly situated officers seeking to recover unpaid overtime compensation. Plaintiffs also asked Defendant to provide detailed information on the method by which it calculated who received unpaid overtime and the amounts of overtime. Defendant refused to provide Plaintiffs such individualized pay history data but advised the undersigned that it would undertake its own review of the pay practices in light of Va. Code § 9.1-700, *et seq.*.

31.   Subsequent to January 2011, Defendant made further payments of unpaid overtime compensation over a series of months, concluding with payments made in October of 2011.

32.   On information and belief, the County has taken the position that the 2011 payments made were for *all* overtime hours which had been worked in the three year period between early 2008 and early 2011. Still, the payments made have been incomplete, have not fully discharged Henrico County's legal obligations to it officers and have failed to include all elements of unpaid compensation, statutory penalty or interest due for all officers who did not receive overtime compensation in the work period due.

33.   Moreover, contrary to accepted federal law governing the payment of unpaid overtime, and without providing the information to officers maintained by Defendant which was in the possession of Defendant, including information on hours scheduled and worked,

Defendant unilaterally determined that it would only make payment where officers presented some written record of their previously unpaid hours. This is not a requirement of state or federal law, but was an arbitrary and artificial line instituted by Defendant to limit and dissuade officers' legitimate claims to recover the full amounts of unpaid overtime due.

34. Defendant has made no payments for any liquidated damages associated with the late overtime payments which were made; Defendant has paid no statutorily mandated interest; and Defendant has not made payments for any period pre-dating the three years before January 2011, despite the fact that officers have been not properly paid overtime dating to the 2005 passage of Va. Code § 9.1-700 *et seq.*

35. Defendant continues to deny Plaintiffs and similarly situated employees' overtime compensation and related statutory penalties and interest to which they are entitled.

### EQUITABLE ESTOPPEL/EQUITABLE TOLLING

36. Defendant's obligation to make timely payments of wages to Plaintiffs is a proprietary function, for which Defendant may be subject to the principles of equitable estoppel. Defendant's actions in making partial, but incomplete, payments of compensation due pursuant to Va. Code § 9.1-700, *et seq.*, while advising Plaintiffs and those similarly situated that Defendant had paid all sums to which they were legally entitled, subjects Defendant to equitable estoppel and the equitable tolling of claims for unpaid compensation.

37. Since the enactment of the state law enhancement to overtime compensation in Va. Code § 9.1-700 *et seq.*, Henrico County has regularly advised its officers that they had been paid all that they were due, when Defendant knew otherwise. In fact, Defendant has made some incomplete payments, again asserting that the payments were all that officers were due under the law.

38. Defendant made belated payments of selective unpaid overtime in late 2010, again in mid 2011, and in late 2011, but the amounts paid were incomplete and failed to meet the full amounts required under state law. With each payment, Defendant assured its officers that it was paying all compensation due. Aside from the fact that the payments were often incomplete and not the full overtime due, no partial payments have included statutorily required liquidated damages, or even the statutorily required minimum alternative of 8% interest pursuant to Va. Code §§ 40.1-29 and 9.1-700, *et seq.*.

39. At no time prior to unilaterally determining to withhold payments did Defendant conduct either a pre-deprivation or prompt post-deprivation hearing regarding the propriety of denying Plaintiffs their property in the form of unpaid compensation.

40. Defendant's deprivation of property has not been the random or unauthorized act of some lower level Henrico County employee, but has been the conscious choice of Defendant and its governing body. On information and belief, Defendant has refused to make timely payment of all sums due Plaintiffs based on its desire to delay payments, to make incomplete payments and/or to deny payments rather than making full payment of all sums due. On further information and belief, the delayed and partial payments made by Henrico County have been in furtherance of the informal Henrico County policy to make less than full payment and to require Plaintiffs to litigate the matter to preserve their property rights and the full payment of unpaid compensation due and statutory penalties for the late payment.

41. In January, 2011, Plaintiffs, by counsel, requested that Defendant make full payment of all unpaid overtime to all officers, including the Plaintiffs and those now seeking class certification in this proceeding. In an attempt to secure full payment to all putative class members, Plaintiffs, through counsel, have informally met with the Henrico County Attorney's

Office and sought internal review of the deprivation by that office. In October, 2011, Plaintiffs, by counsel, requested the County Attorney to present the matter to the Henrico Board of Supervisors for consideration of this issue. Also, in October, 2011, Plaintiffs, by counsel, advised the Board, through Chairman Frank J. Thornton, of the officers' claims and sought prompt consideration and action. To date, no Board of Supervisors hearing has been provided Plaintiffs or other action taken with regard to the claims.

42. It was not impractical for Defendant to provide a pre-termination hearing before denying Plaintiffs any compensation due in the pay periods from 2005 to date; nor has it been impractical to provide a prompt – or *any* – post-deprivation hearing from the effective date of the state law.

43. Quite simply, Henrico County has attempted to make the *full* recovery of unpaid overtime due under state law a difficult matter for its officers. While the partial payments of unpaid overtime were certainly due, they were well overdue, were incomplete and, on information and belief, the amounts selected by Defendant for late payment were designed to delay legal claims or to dissuade officers from pursuing the full compensation due them.

44. As such, principles of equitable tolling should apply and Defendant should be estopped from asserting any limitation period which would preclude the full recovery of all unpaid compensation due and the recovery of property to which Plaintiffs are entitled from 2005 forward.

### RULE 23 CLASS ACTION ALLEGATIONS

A. **Class Definition**

45. Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code § 9.1-701, individually, on their own behalves, and on behalf of a class of current and

former Henrico County Police officers who, during any time within the liability period, were employed in the ranks of Lieutenant and below. Current and former Henrico County Police Department employees who hold or have held positions of Captain and above are excluded from the class for such periods of the liability period in which they were employed at the ranks of Captain and above.

### B. Efficiency of Class Prosecution of Common Claims

46. Certification of a class of current and former officers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class. Conversely, proceeding on an individual basis will require the filing of hundreds of duplicative individual suits which will waste judicial time and resource and create the risk of inconsistent or varying adjudications of common issues.

### C. Numerosity and Impracticality of Joinder

47. The class which the Class Representatives seek to represent are so numerous that joinder is impracticable. On information and belief, there are over seven hundred (700) current and former Henrico police officers during the liability period who have been unlawfully denied overtime compensation to which they are entitled by virtue of Va. Code §§ 9.1-700, *et seq*.

### D. Common Questions of Law and Fact

48. Defendant's wrongful application of "paid status" hours so as to deny officers overtime compensation for "paid status" hours over 160 in a work cycle presents common issues of fact in this matter. Moreover, Defendant has utilized centralized scheduling and compensation practices in the calculation and payment of overtime compensation which apply uniformly to the class representatives and to those other officers they seek to represent. On

information and belief, all present and former Henrico police officers were subject to the same centralized scheduling and compensation practices during the liability period.

49. Common issues of fact exist in this matter as to whether Defendant's scheduling and compensation practices violated applicable state law regarding Virginia law enforcement personnel's entitlement to and Defendant's payment of overtime compensation.

### E. Typicality of Claims and Relief Sought

50. The claims of the Class Representatives are typical to those of the class members as a whole in that their claims are based on the same scheduling and compensation practices. The relief sought by the Class Representatives for overtime compensation is also typical of the relief which is sought on behalf of the proposed class.

### F. Adequacy of Representation

51. Plaintiffs are excellent class representatives. Their interests are co-extensive with those of the members of the proposed class they seek to represent in this class. They have knowledge of Defendant's scheduling and compensation practices. They are committed to being representatives of the class, and they have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G. Rule 23(B)(3) Requirements

52. Common questions of law and fact predominate over any questions affecting only individual members because the basis of any claims herein is the common application of policy regarding the calculation of "paid status" hours, as well as the common scheduling and compensation practices of Defendant.

53. A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of hundreds of individual claims that

are based on the same centralized scheduling and compensation facts and the same legal issues regarding the same. Hundreds of individual cases would clog the court and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue could lead to inconsistent or varying adjudications of the same issue.

54. The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action will be based on the amount of overtime compensation that they have been denied by Defendant.

55. The Class Representatives and counsel are not aware of any other litigation concerning the controversy that is ongoing by proposed class members.

56. It is desirable to concentrate the claims in this forum because the employment practices complained of herein occurred exclusively in this forum.

57. The Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT ONE
### DENIAL OF PLAINTIFFS' PROPERTY WITHOUT DUE PROCESS OF LAW
(CLASS CLAIMS BROUGHT PURSUANT TO 42 U.S.C. § 1983)

58. Plaintiffs held protected property interests in the timely payment of overtime compensation due to them by virtue of Defendant's duty to pay such amounts pursuant to Va. Code §§ 40.1-29 and 9.1-700, *et seq.*

59. The Commonwealth of Virginia, by virtue of Va. Code §§ 40.1-29 and 9.1-700, *et seq.*, has delegated to Henrico County the authority and duty to timely and fully pay its law enforcement officers all compensation due in their regular pay cycles.

60. Defendant exercised discretion in how it applied its duty to timely and fully pay its law enforcement officers all overtime compensation due in a manner which has denied Plaintiffs property without due process of law.

61. Defendant, through its unofficial policy of delaying and/or denying Plaintiffs all overtime compensation due without due process of law, has deprived Plaintiffs of property arbitrarily and without due process of law.

62. Defendant denied Plaintiffs property in the timely and full payment of overtime compensation due without a pre-deprivation hearing, although a pre-deprivation hearing was not impracticable.

63. Defendant has expressed an intent to continue to hold sums due Plaintiffs. As such, a post-deprivation hearing could not have been expected to have meaningfully resulted in protection of Plaintiffs' property rights.

64. Although a post-deprivation hearing would have been inadequate to address the Constitutional deprivation alleged, Defendant also denied Plaintiffs property in the timely and full payment of overtime compensation due without a prompt post-deprivation hearing.

65. Defendant has denied Plaintiffs any meaningful opportunity to address the deprivation and the deprivation continues.

66. On information and belief, Defendant's actions in delaying and/or failing to timely and fully pay were not random or unauthorized act of a County employee but were the result of Defendant's policy or custom, made by the Henrico County manager, the Henrico County Attorney and/or other Henrico County officials whose edicts or acts may fairly be said to represent official policy of the County.

67. Defendant has violated Plaintiffs' procedural due process rights both in the initial deprivation by failing to timely pay overtime compensation due in the normal pay cycle and by retaining Plaintiffs' property without the provision of any prompt or adequate post-deprivation hearing, despite request.

### COUNT TWO
### VIOLATION OF VA. CODE §§ 9.1-701 THROUGH 9.1-703
### (CLASS CLAIM PURSUANT TO SUPPLEMENTAL JURISDICTION)

68. Defendant has violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiffs and others subject to the same policies of their full overtime pay rate(s).

69. Defendant's policy and practice of not paying Officers for annual leave hours above 160 hours in a 28 day cycle deprived Officers of earned overtime compensation.

70. Defendant knew or should have known that its practice of instructing Plaintiffs to under-report their annual leave was a violation of their right to overtime under state law.

71. Defendant's conduct was willful, done in reckless disregard for Plaintiffs' rights, and Defendant lacked good faith.

72. Pursuant to Va. Code § 9.1-704, Plaintiffs are entitled to payment of the withheld overtime compensation, an additional presumed doubling of that amount, and payment for Plaintiffs' attorney's fees and costs of this proceeding.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action asserting the putative class' rights for denial of property without due process of law to proceed as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, upon Plaintiff's filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all Police Officers, and

other employees performing the duties of Police Officers who were employed by Defendant at any time from the effective date of §9.01-700 *et seq.*, up through the existence of this action, the claims set forth herein and notice of their rights herein;

B.  Certify this action asserting the putative class' rights under Va. Code §§ 9.1-700, *et seq.* to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiff's filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all Police Officers, and other employees performing the duties of Police Officers who were employed by Defendant any time from the effective date of §9.01-700 *et seq.*, up through the existence of this action, the claims set forth herein and notice of their rights herein;

C.  Award appropriate declaratory relief regarding Defendant's unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703 and injunctive relief to prevent such practices continuing in the future;

D.  Award appropriate back pay in amounts equivalent to Plaintiffs' previously deprived wages, all of which were not paid within the pay period when accrued, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704.

E.  For an award of reasonable attorney's fees and costs incurred on Plaintiffs' behalf, pursuant to the federal civil rights laws and/or Va. Code § 9.1-704.

F.  For such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

JEFFREY CARROLL, RICHARD K. CORDLE,
WILLIAM T. LEYDA, CHRIS O'CONNOR,
JOHN C. PEACE, III, DAMON ALLEN,
JERMAINE O. ALLEY, CRAIG ALVITI,

MICHAEL J. ANTHONY, JR., RENALDO ARJONA, TREVOR B. BADCOCK, PHILLIP A. BAILEY, BRIAN S. BERGER, JUDY BERGER, ESTATE OF THOMAS BERRY, JR., WILLIAM R. BODENHAMER, JOSEPH BOLLAND, GARY A. BROOKMAN, KEITA G. BROWN, DANIEL J. BUSANG, MATTHEW CHONG, BARRY J. CLARK, JENNIFER CLARK, STEVEN T. CLAYTON, GARY CONNER, JEREMIE J. COOPER, AMANDA D. CORNETT, KEITH T. DESHAZO, ROBIN T. DORTON, ALAN DOWNER, MARC DOWNER, BENJAMIN S. DYER, REBECCA L. EGAN, JOHN B. ENNIS, CHRISTINE C. FERGUSON, CHRISTOPHER B. FERGUSON, MICHAEL FISHWICK, NEIL GRIFFIN, CHARLES HANNA, CRAIG L. HARVER, KEVIN W. HARVER, RICHARD J. HAUSLER, JR., AARON J. HAYES, TOMMY HOLSINGER, JEROME HOYT, C. CAMPBELL HUNDLEY, THOMAS M. JAMARA, JAMES D. JAMISON, JOSHUA G. JARVIS, WILLIAM R. JENKINS, J.A. JESSIE, PHILIP F. JOHNAKIN, JAMES R. JOHNSON, JAY S. KEGLEY, AMY D. KELLEY, NATHAN KELLEY, DENNIS W. KERNS, JR., JAMES KEWISH, EMIL C. KREVONICK, JR., EDWARD KUBICKI, LISA M. KUSMIN, STEVEN J. LAPRADE, DAVID LEBER, CHRISTOPHER LONG, MICHAEL M. MURRAY, CARRIE NELSON, THOMAS J. O'KEEFE, III, JAMES L. PARSLEY, MICHAEL A. PERKINS, KEVIN E. PRIDEMORE, MICHAEL D. RAAT, KENNETH RAGLAND, JOHN C. RICKE, WILLIAM H. ROLLINS, III, JOE SCHIHL, STEVEN J. SEIDLITZ, JENNIFER SHOUSE-PEARMAN, RACHEL SHREWSBURY, JOHN P. SLATER, JR., TIMOTHY W. SNYDER, MARCUS STONESTREET, PIERRE D. TREMBLAY, RICHARD M. VALENTINE, CHARLES K. WALKER, JAMES S. WEBB, ALLEN WILSON, SCOTT E. WINN, CLAY WOODCOCK, and CASEY ZETS, Individually, and all others similarly situated,

By: _____
               Counsel

Harris D. Butler, III (VSB No. 26483)
Rebecca H. Royals (VSB No. 71420)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
Butler Royals, PLC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
Email: harris.butler@butlerroyals.com
  rebecca.royals@butlerroyals.com
  zev.antell@butlerroyals.com
  paul.falabella@butlerroyals.com


Craig J. Curwood (VSB No. 43975)
Curwood Law Firm
707 E. Main Street, Suite 1025
Richmond, VA 23219
Telephone: (804) 788-0808
Facsimile: (804) 767-6777
Email: ccurwood@curwoodlaw.com